66 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bernardo J. GONZALES, Petitioner-Appellant,
v.
Steve KOON, Warden; Attorney General of the State of New
Mexico, Respondents-Appellees.
 No. 95-2055.
 United States Court of Appeals, Tenth Circuit.
 Sept. 12, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 
 1
 This matter is before the court on petitioner Bernardo J. Gonzales' application for a certificate of probable cause. The right of a petitioner convicted of a state crime to appeal a federal district court's denial of habeas corpus relief is conditioned upon either the district court or this court granting a certificate of probable cause. See 28 U.S.C. 2253.
 
 
 2
 The Supreme Court in Barefoot v. Estelle, 463 U.S. 880, 892-93 (1983), declared that the "primary means of separating meritorious from frivolous [habeas corpus] appeals should be the decision to grant or withhold a certificate of probable cause." We will not grant such a certificate unless the petitioner makes "a substantial showing of the denial of an important federal right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings." Gallagher v. Hannigan, 24 F.3d 68 (10th Cir.1994) (citing Barefoot, 463 U.S. at 893 & n. 4).
 
 
 3
 The magistrate judge in the Report and Recommendation of February 1, 1995, which was adopted by the district court, correctly analyzed the facts and law. It found that petitioner procedurally defaulted in state court on the issues he presented for review and had not met the cause and prejudice requirements necessary to secure relief. On appeal petitioner attempts to raise three issues not mentioned in his habeas petition. These issues--use of a plea and disposition agreement to impeach petitioner, introduction of evidence without a proper foundation (chain of custody), and insufficiency of the evidence--were not raised in the district court and therefore are not before us for review.
 
 
 4
 We conclude that petitioner has failed to make the necessary showing to warrant our issuance of a certificate of probable cause. Therefore, we deny his application and DISMISS the appeal.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470